IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANCISCO RENDON, LUIS MORALES, HERMILO HERNANDEZ, JOSE MANUEL CARDENAS, JUAN CARLOS CARDENAS, JUAN HERNANDEZ, LEONIDES GALAN, HECTOR GUZMAN, MEDARDO RENDON, SAUL GUZMAN, JOSE SALAZAR, and MIGUEL GUZMAN<br><br>Plaintiffs,<br><br>v.<br><br>EUROPEAN CRAFTSMAN FOR AMERICA CORP., and MARIAN AVRAM, individually,<br><br>Defendants. | FILED: JULY 25, 2008<br>No. 08CV4230<br>Judge JUDGE GOTTSCHALL<br>MAGISTRATE JUDGE ASHMAN<br>AEE |

## COMPLAINT

Plaintiff Francisco Rendon, Luis Morales, Hermilo Hernandez, Jose Manuel Cardenas, Juan Carlos Cardenas, Juan Hernandez, Leonides Galan, Hector Guzman, Medardo Rendon, Saul Guzman, Jose Salazar, and Miguel Guzman ("Plaintiffs"), through their attorneys, for their Complaint against Defendants European Craftsmanship for America Corp., ("European Craftsmanship") and Marian Avram ("Avram"), individually, (collectively, "Defendants") state as follows:

**NATURE OF PLAINTIFFS' CLAIMS**

1.     This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.* ("IMWL") and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA"), for Defendants' failure to pay overtime wages for all time worked in excess of forty (40) hours in individual work weeks

and other earned wages to Plaintiffs. Defendants' unlawful compensation practices have (and have had) the effect of denying Plaintiffs their earned and living wages.

**PARTIES**

2. At all material times hereto, Plaintiffs were employed by Defendants as "employees" within the meaning of the FLSA, 29 U.S.C. §203(e)(1) and the IMWL, 820 ILCS §105/1 *et seq.*

3. Plaintiffs reside in and are domiciled within this judicial district.

4. During the course of their employment, Plaintiffs engaged in commerce or in the production of goods for commerce.

5. At all material times hereto, Defendants were Plaintiffs' "employer" subject to the FLSA, 29 U.S.C. §203(d) and the IMWL, 820 ILCS §105/3(c).

6. Defendant European Craftsmanship is an Illinois corporation doing business within the state of Illinois.

7. Defendant European Craftsmanship has had two or more employees, including Plaintiffs, who handle goods that moved in interstate commerce.

8. Defendant European Craftsmanship is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

9. Defendant European Craftsmanship's principal place of business is located within this judicial district.

10. Defendant Avram is President of European Craftsmanship for America Corp., in Chicago, IL. He is involved in the day-to-day business operations of European Craftsmanship.

Among other things, Defendant Avram has the authority to hire and fire employees, to direct and supervise the work of the employees, sign on the checking accounts, including payroll accounts, and participate in decisions regarding employee compensation and capital expenditures. Defendant Avram is an "employer" as defined by the FLSA, 29 U.S.C. §203(d) and the IMWL, 820 ILCS 105/3(c).

11. Defendant Avram resides in this judicial district.

**JURISDICTION AND VENUE**

12. This Court has jurisdiction over Plaintiffs' FLSA claim pursuant to 28 U.S.C. §1331. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

**COUNT I**
**Violation of the Fair Labor Standards Act -Overtime Wages**
Plaintiffs hereby reallege and incorporate paragraphs 1 through 12 of this Complaint, as if fully set forth herein.

13. This count arises from Defendants' violation of the FLSA, 29 U.S.C. §201, *et seq.*, for their failure to pay overtime wages to Plaintiffs for all time worked in excess of forty (40) hours in individual work weeks.

14. Plaintiffs performed a variety of job duties and responsibilities for Defendants within this judicial district. During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

15. During the course of Plaintiffs' employment with Defendants, Defendants directed Plaintiffs to work, in excess of forty (40) hours in individual work weeks and Plaintiffs customarily did work in excess of fifty (50) hours in individual work weeks.

16. Pursuant to 29 U.S.C. §207, for all time worked in excess of forty (40) hours in individual work weeks, Plaintiffs were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

17. Defendants did not compensate Plaintiffs at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

18. Defendants' failure and refusal to pay overtime wages to Plaintiffs for all time worked in excess of forty (40) hours per week was a violation of the FLSA, 29 U.S.C. §207.

19. Defendants willfully violated the FLSA by refusing to pay Plaintiffs' overtime wages for all time worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiffs' hourly wage rate for all time which they worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and,

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

Plaintiffs hereby reallege and incorporate paragraphs 1 through 19 of this Complaint, as if fully set forth herein.

20. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

21. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS §105/4(a).

22. During the course of Plaintiffs employment with Defendants, Defendants directed Plaintiffs to work in excess of forty (40) hours in individual work weeks, and Plaintiffs customarily did work in excess of fifty (50) hours in individual work weeks.

23. Pursuant to 820 ILCS §105/4(a), for all weeks during which Plaintiffs worked in excess of forty (40) hours, they were entitled to be compensated at one and one-half times their regular hourly rate of pay for all time worked in excess of fifty (50) hours in individual work weeks.

24. Defendants violated the IMWL by failing to compensate Plaintiffs at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

25. Pursuant to 820 ILCS §105/12(a), Plaintiffs are entitled to recover unpaid wages for three years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times their regular hourly rate of pay for all time which Plaintiffs worked in excess of forty (40) hours in individual work weeks;

B. Damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and,

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
## Violation of the Fair Labor Standards Act - Minimum Wages

Plaintiffs hereby reallege and incorporate paragraphs 1 through 25 of this Complaint, as if fully set forth herein.

26. This count arises from Defendants' violation of the FLSA, 29 U.S.C. § 201, *et seq.*, for Defendants' failure and refusal to pay minimum wages to Plaintiffs for all times they worked for Defendants in individual work weeks.

27. During the course of their employment by Defendants, Plaintiffs worked for Defendants but were not paid the then federally mandated minimum wage.

28. Pursuant to 29 U.S.C. §206, for all time that Plaintiffs worked for Defendants, Plaintiffs were entitled to be compensated at least the then applicable federally mandated minimum wage for each hour worked.

29. Defendants violated the FLSA by refusing to pay Plaintiffs minimum wages for all time they worked in individual work weeks.

30. Defendants willfully violated the FLSA by refusing to pay Plaintiffs the then federally mandated minimum wages for all time worked.

31. Pursuant to 29 U.S.C. §255, Plaintiffs are entitled to recover unpaid wages for three years prior to the filing of this suit because Defendants' failure and refusal to pay minimum wages was a violation of the FLSA, 29 U.S.C. §206.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid minimum wages for all hours worked;

B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiff is found to be due and owing;

C. Reasonable attorneys' fees and costs incurred in filing this action; and,

D.  Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Minimum Wage Law - Minimum Wages

Plaintiffs hereby reallege and incorporate paragraphs 1 through 31 of this Complaint, as if fully set forth herein.

32.  This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

33.  The matters set forth in this count arise from Defendants' violation of the minimum wage provisions of the IMWL. 820 ILCS 105/1 *et seq*. Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

34.  At all relevant times herein, Defendants were Plaintiffs' "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiffs were Defendants' "employee(s)" within the meaning of that Act.

35.  Pursuant to 820 ILCS 105/4, for all hours during which Plaintiffs worked, Plaintiffs were entitled to be compensated minimum wages.

36.  Defendants violated the IMWL by refusing to compensate Plaintiffs minimum wages for all hours worked.

37.  Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover their unpaid wages, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid minimum wages for all time worked;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Violation of the Illinois Wage Payment and Collection Act
### (Unpaid Wages)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 37 of this Complaint, as if fully set forth herein.

38. Within the five (5) years prior to Plaintiffs filing their original Complaint, Defendants were Plaintiffs' "employers" as defined in the IWPCA, 820 ILCS 115/1 *et seq.*, and Plaintiffs were Defendants' "employees" within the meaning of that Act.

39. Defendants agreed to compensate Plaintiffs for their work at the rate agreed to by the parties.

40. Defendants failed to compensate Plaintiffs for all time they worked for Defendants at the rate agreed to by the parties in violation of the IWPCA.

41. Defendants violated the IWPCA by refusing to compensate Plaintiffs for all time they worked for Defendants.

42. Plaintiffs have been damaged by Defendants' failure to compensate them for all hours worked at the rate agreed to by the parties.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due, as provided by the IWPCA;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

C. An injunction precluding Defendants from violating the IWPCA, 820 ILCS 115/1 *et seq.*;

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: July 25, 2008

s/John E. Untereker
JOHN E. UNTEREKER (ARDC # 6290945)
CHRISTOPHER J. WILLIAMS (ARDC #6284262)
Working Hands Legal Clinic,
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 795-9115

Attorneys for Plaintiffs